EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| Héctor M. Lezcano Vargas | 2020 TSPR 140 |
| | 205 DPR _____ |

Número del Caso:  TS-18,873


Fecha:  12 de noviembre de 2020


Programa de Educación Jurídica Continua:

   Lcda. María C. Molinelli González
   Directora Ejecutiva


Sr. Héctor M. Lezcano Vargas:

   Por derecho propio


Materia:  La suspensión será efectiva el 13 de noviembre de 2013, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Héctor M. Lezcano Vargas | TS-18,873

PER CURIAM

San Juan, Puerto Rico, a 12 de noviembre de 2020.

Una vez más, nos vemos obligados a ejercer nuestro poder disciplinario para suspender a un miembro de la profesión jurídica por incumplir las órdenes de este Tribunal y los requerimientos del Programa de Educación Jurídica Continua (PEJC). Por ello, decretamos la suspensión inmediata e indefinida del Lcdo. Héctor M. Lezcano Vargas (licenciado Lezcano Vargas) de la práctica de la abogacía.

I.

El licenciado Lezcano Vargas fue admitido al ejercicio de la abogacía el 7 de marzo de 2012.[1] El 12 de abril de 2019, la Lcda. María C. Molinelli González, Directora Ejecutiva del PEJC, refirió ante nuestra atención un Informe sobre incumplimiento con el requisito de educación jurídica continua en el cual detalló el incumplimiento del licenciado Lezcano Vargas con los requisitos de la educación jurídica

_____

[1]Según surge del expediente del letrado, prestó juramento como notario el 26 de junio de 2012, pero renunció voluntariamente al ejercicio de la notaría mediante carta fechada el día 16 de agosto de 2013.

continua para el periodo del 1 de marzo de 2014 al 28 de febrero de 2017. En éste, además, nos informó que, como consecuencia de dicho incumplimiento, el letrado adeudaba una multa de cien dólares ($100.00) en virtud del referido presentado ante este Tribunal y otra de cincuenta dólares ($50.00) por el cumplimiento tardío.

A raíz de ello, el 28 de mayo de 2019, emitimos una primera resolución concediéndole al licenciado Lezcano Vargas un término de veinte (20) días para que mostrara causa por la cual no debía ser suspendido de la abogacía por incumplir con los requisitos de la educación jurídica continua y por no comparecer al PEJC cuando le fue requerido.

El licenciado Lezcano Vargas compareció ante nos mediante una <u>Moción en cumplimiento de orden y en solicitud de prórroga</u>. En lo pertinente, adujo que, debido a error o inadvertencia, éste no estuvo al tanto de las comunicaciones emitidas por el PEJC relacionadas a su incumplimiento. Por tanto, solicitó una prórroga de treinta (30) días para cumplir con los requisitos del PEJC.

Luego de evaluar la referida Moción, el 16 de agosto de 2019, emitimos una segunda resolución concediéndole un término de treinta (30) días para que el letrado cumpliera con **todos los requerimientos del PEJC, incluido el pago de la multa, y nos acreditara tal cumplimiento.** No obstante, el licenciado Lezcano Vargas no compareció ante nos en respuesta a esa orden.

Así las cosas, el 17 de diciembre de 2019, a solicitud nuestra, la Directora Ejecutiva del PEJC nos remitió una certificación, en la que acredita que, a esa fecha, el licenciado Lezcano Vargas había cumplido con los requisitos de la educación jurídica continua correspondientes al periodo del 2014 al 2017. Sin embargo, surgió de la certificación que éste aún no había satisfecho las multas impuestas por el PEJC.

Ante el incumplimiento con el pago de las multas, el 21 de enero de 2020, emitimos una tercera resolución en la que le concedimos al licenciado Lezcano Vargas un término **final e improrrogable** de diez (10) días para pagar las correspondientes multas, las cuales representan un total de ciento cincuenta dólares ($150.00). En ésta, además, apercibimos al letrado de que su incumplimiento con lo ordenado podía conllevar sanciones severas, incluida la suspensión del ejercicio de la abogacía.

Según consta mediante certificación del 26 de octubre de 2020 del PEJC, el licenciado Lezcano Vargas continúa en incumplimiento con el pago de las multas correspondientes al periodo del 1 de marzo de 2014 al 28 de febrero de 2017. Por consiguiente, a pesar de nuestros requerimientos y de advertir las consecuencias, al día de hoy, el licenciado Lezcano Vargas no ha cumplido con nuestras órdenes.

**II.**

Sabido es que desatender nuestros requerimientos es incompatible con la práctica de la profesión, ya que

constituye una violación al Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, y menoscaba nuestro poder inherente de regular la profesión jurídica. In re Cintrón Rodríguez, 2020 TSPR 115. Consecuentemente, hemos sido tajantes al concluir que tal conducta de un abogado o abogada, por constituir un serio agravio a nuestra autoridad, conlleva la separación inmediata e indefinida del ejercicio de la abogacía. Íd.

Así también, hemos expresado que dicha responsabilidad no se limita sólo a las órdenes emitidas por este Tribunal, sino que se extiende a los requerimientos de nuestros brazos operacionales, tales como la Oficina del Procurador General, la Oficina de Inspección de Notarías y el PEJC. In re Torres Acevedo, 2020 TSPR 108; In re Chévere Mouriño, 2020 TSPR 20. Cónsono con ello, hemos suspendido indefinidamente del ejercicio de la profesión a abogados y abogadas por haber desatendido los requerimientos del PEJC y por apartarse de las exigencias concernientes a la educación jurídica continua. In re Cintrón Rodríguez, supra; In re Chévere Mouriño, supra.

Al amparo de la normativa jurídica expuesta, evaluaremos la conducta exhibida por el licenciado Lezcano Vargas.

### III.

Según explicado, el licenciado Lezcano Vargas no ha cumplido con nuestras reiteradas órdenes, las cuales, a su vez, están relacionadas a su incumplimiento con el PEJC. En tres (3) ocasiones distintas, este Tribunal le ha concedido

prórrogas al letrado para que cumpla a cabalidad con los requerimientos del PEJC. A pesar de las múltiples oportunidades brindadas por este Foro y de ser debidamente advertido de las posibles consecuencias de su incumplimiento, el letrado no cumplió con todos los requerimientos del PEJC, según le fue ordenado.

Si bien es cierto que el licenciado Lezcano Vargas cumplió con los cursos de la educación jurídica continua correspondientes al período del 2014 al 2017, éste nunca nos acreditó tal información y, al presente, no ha pagado las multas adeudadas.

El cuadro descrito evidencia un incumplimiento voluntario, reiterado y con pleno conocimiento, de nuestras órdenes por parte del licenciado Lezcano Vargas, lo cual constituye una violación al Canon 9 del Código de Ética Profesional, supra. Ante tal patrón de desobediencia, nos vemos obligados a suspenderlo inmediata e indefinidamente de la práctica de la abogacía.

## IV

Por los fundamentos que anteceden, suspendemos inmediata e indefinidamente al Lcdo. Héctor M. Lezcano Vargas del ejercicio de la abogacía. Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualesquiera honorarios recibidos por trabajos no realizados. Además, se

le impone la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes.

Por último, deberá acreditar a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión Per Curiam y Sentencia.

Notifíquese por correo electrónico y por la vía telefónica esta Opinión Per Curiam y Sentencia al Sr. Héctor M. Lezcano Vargas.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Héctor M. Lezcano Vargas                TS-18,873

SENTENCIA

San Juan, Puerto Rico, a 12 de noviembre de 2020.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se suspende inmediata e indefinidamente al Lcdo. Héctor M. Lezcano Vargas del ejercicio de la abogacía.

Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualesquiera honorarios recibidos por trabajos no realizados. Además, se le impone la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes.

Por último, deberá acreditar a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión Per Curiam y Sentencia.

Notifíquese por correo electrónico y por la vía telefónica esta Opinión Per Curiam y Sentencia al Sr. Héctor M. Lezcano Vargas.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo Interina.


María I. Colón Falcón
Secretaria del Tribunal Supremo Interina